## DREXEL *et al. v.* BERNEY *et al.*

*(Circuit Court, S. D. New York.* August 11, 1888.

EXECUTORS AND ADMINISTRATORS—APPOINTMENT—JURISDICTION—ESTOPPEL—
ACQUIESCENCE.

An executrix who is also a legatee, who permits her co-executor to take out letters of administration in a state where the testator was not domiciled at the time of his death, and where there were no assets situated, and to appoint an agent to manage the estate, and who recognizes the agency and acts with the agent in the management, and accepts payment of a portion of her legacy, is estopped, so far as her interest in the estate is concerned, to assert that such letters, and a power of attorney thereunder appointing the agent, are void.[1]

In Equity. Bill to restrain prosecution of common-law action.
*Wayne MacVeagh* and *C. E. Tracy*, for complainants.
*Geo. DeForest Lord*, for defendants.

WALLACE, J. The complainants bring this suit to restrain the prosecution of a common-law action brought against them in this court by Louise Berney, as executrix of the will of Robert Berney, deceased, for an alleged conversion of $200,000 of United States registered bonds, and to enjoin the plaintiff from disputing in that action the validity of proceedings in Alabama for the probate of the will of said Robert Berney, and of letters testamentary thereon issued to one James Berney as executor, and of a power of attorney executed by him to one St. James, with whose agents complainants dealt in the transaction respecting the bonds which constitutes the alleged conversion. The theory of the bill is that the defendants are equitably estopped from disputing the validity of the probate of the will, the letters testamentary issued thereon to James Berney as executor, and the power of attorney to St. James.

Briefly stated, the case alleged by the complainants is, in substance, as follows:

"Robert Berney died at Paris, France, in November, 1874, leaving a will, whereby his widow, Louise Berney, his brother, James Berney, and one St. James were appointed executors, and legacies were given. One of the executors, James Berney, procured the probate of the will in Alabama in February, 1875, upon the representation that the testator was at the time of his death domiciled there, and thereupon letters testamentary were issued to the said James Berney as executor. The other executors named in the will as-

---

[1] On the subject of estoppel by conduct, and by acquiescence, see Marrow v. Brinkley, (Va.) 6 S. E. Rep. 605, and note; Oil Co. v. Perry, (Ala.) 4 South. Rep. 635; Koopman v. Blodgett, (Mich.) 38 N. W. Rep. 649, and note.

sented to and approved these proceedings, including the defendant Louise Berney, who was a legatee under the will as well as an executrix. Several of the other legatees named in the will received their legacies from James Berney as executor under the Alabama probate, or in the administration of the estate pursuant to that probate. In June, 1875, the complainants acted as brokers or agents in effecting an exchange of registered bonds, forming part of the testator's estate, into coupon bonds, at the instance of St. James, who held a power of attorney in that behalf from James Berney as executor; and relying upon the letters testamentary issued to him under the Alabama probate and their validity, they delivered to St. James or his agents an equivalent amount of coupon bonds and money. In May, 1881, the defendant Louise Berney procured ancillary letters testamentary to be issued to her as executrix of the will of her husband by a court of competent jurisdiction in the state of New York; and thereafter representing herself and other legatees who had recognized the validity of the Alabama probate, she brought an action at law in her name as executrix against the complainants for an alleged conversion of the registered bonds, in which she asserts that the Alabama probate was a nullity."

The complainants insist that she and the other legatees who have recognized the validity of the Alabama probate are equitably estopped from disputing its validity against the complainants. They resort to equity, because the estoppel asserted in the bill, although a good defense at law as against Louise Berney in her individual rights as widow and legatee of the decedent, is not a defense against her in her representative capacity as executrix of his estate; and upon this ground the supreme court has held that the bill contains a good cause of action in equity, and that the facts, if established, are an estoppel against her in equity in her representative capacity, to the extent of her own individual interest to the estate, and the interests of any legatees under the will who are also estopped. 122 U. S. 241, 7 Sup. Ct. Rep. 1200. It is argued in the brief for the complainants that the probate proceedings in Alabama were valid, and cannot be attacked collaterally; and also that the ancillary letters obtained by Louise Berney as executrix are void for want of jurisdiction in the court that issued them. These questions are not properly here. They may arise upon the trial of the action at law, and, if the position taken for the complainants can be maintained, the action may be successfully resisted on these grounds. The only questions which can be litigated here are whether the facts estop the defendant Louise Berney from asserting anything which annuls the executorship of James Berney under the Alabama probate, or the authority of St. James as his attorney in fact for effecting the exchange of the bonds made through the complainant. As was stated by the supreme court:

"If the decedent, Robert Berney, at the time of his death was domiciled in France, and not in Alabama, the letters testamentary issued to his brother James Berney as executor in Alabama were void, and the authority given by James Berney to St. James by the power of attorney was also invalid, and the payment made by the complainants of the proceeds of the bonds which belonged to the estate does not bind the rightful executor or protect the complainants. The ground of the bill, therefore, is that, upon these facts, an action at law may be successfully maintained by the appellee as executrix of Robert Berney against the complainants for the value of the bonds."

Inasmuch as Louise Berney is the only defendant who has been served with process, or has appeared in the suit, the examination of the facts should be confined to those which create an estoppel against her. The bill does not allege, nor do the proofs show, that any acts were done, or any representations were made by her in respect to the domicile of her deceased husband, or the validity of the letters testamentary to James Berney, or the authority of St. James to represent the executors under the power of attorney of which the complainants were informed, or upon which they relied, at the time of exchanging the bonds. The bill avers that the things done "by James Berney for the admission to probate of said will, and the obtaining by him of letters testamentary, and the execution of said power of attorney by him as executor to said St. James were all known and assented to by said Louise Berney and the other persons named as executors and legatees in said will;" and the estoppel relied upon against the defendant consists wholly of her knowledge of and assent to what was thus done. Inasmuch as no other ground of estoppel is averred in the bill, and the supreme court held that the bill was good upon demurrer, and set forth sufficient facts to entitle the complainant to the relief sought, it must be assumed, for present purposes, that such knowledge and assent on the part of the defendant, if proved, concludes her, and operates as an estoppel to the extent of her individual interest in the estate.. Consequently, it is only necessary to consider whether such knowledge and assent is established.

It appears by the proofs that Robert Berney was never an inhabitant of or domiciled in Alabama, and that there were no assets belonging to his estate there, but that many of the legatees named in the will, and James Berney also, were residents of that state. He had not acquired a legal domicile in France, but had long resided there, and the greater part of his estate consisted of investments there. The object of the proceeding to probate the will in Alabama was twofold,—to establish judicially that the domicile of Robert Berney was in Alabama, in order to save to the legatees under the will the amount of a succession tax in France, and to collect assets belonging to the estate situate in this country. The proofs also show that in the proceedings in Paris before the notary Laverne, to whom the supervisory administration of the estate of the decedent had been committed by the proper civil tribunal, it was represented throughout that Robert Berney was domiciled at the time of his death in Alabama, and that the will had been duly probated there, and letters testamentary issued to James Berney as executor. Louise Berney participated in these proceedings. In February, 1875, James Berney, assuming to act as executor under the Alabama probate, executed the power of attorney to St. James. This document recited, among other things, that Robert Berney died having his domicile in the city of Montgomery in the state of Alabama; that the laws of that state required that the will should be admitted to probate by the judge of the probate court of the city and county of Montgomery, and that probate was duly granted by that court on the 8th day of February, 1875. The instrument appointed St. James the attorney of James Berney, executor, to collect

and receive all property belonging to the estate of the deceased, and to sell the same, to pay the debts and liabilities of the deceased, and to divide and pay over the property pertaining to the estate among the legatees in accordance with the will. On the 30th of March, 1875, St. James and Louise Berney appeared before the notary, and St. James, acting by virtue of this power of attorney, (a copy of which was produced and made a part of the proceedings,) proceeded to declare and certify that Robert Berney had died having his domicile in Montgomery, Ala.; that James Berney was the only one of the executors named in the will invested with the powers belonging to the executors; that this was by virtue of the decree of the probate court of Alabama, (of which a copy reciting that Robert Berney was domiciled at the time of his death in Alabama was produced;) that by the decree James Berney was solely invested with all the rights which Robert Berney had possessed in all the personal and real property constituting his estate; that James Berney in his capacity of testamentary executor could sell, transfer, receive, and collect all the moneys and securities belonging to the estate, and in conformity with the rights conferred upon him by the law of Alabama had capacity to delegate his power to an attorney; and that the attorney so appointed had all the rights of the maker of the power and of the decedent during his life-time. At that time the chattels specifically bequeathed to Louise Berney were described and appraised, and she on her part undertook to produce whenever and for whomsoever it might concern all the assets of the estate which remained in her custody, and St. James undertook to produce all the papers and securities of the estate which were to remain in his hands, and were to be taken charge of by him. On the 3d of May, 1875, St. James and Louise Berney again appeared before the notary, and St. James produced the $200,000 registered bonds, (the subject of the suit at law,) and they were inventoried, and the parties agreed that they should remain in the custody and possession of St. James. On the 11th of June, 1875, James Berney, St. James, and Louise Berney appeared before the notary, and James Berney, assuming to be sole executor by the Alabama probate, formally declared his confirmation of the power of attorney to St. James, and Louise Berney declared her acceptance of the legacies made in her favor by her husband's will, and her consent to discharge the estate of her husband, and James Berney as executor, upon the receipt thereof. Notwithstanding the testimony of the defendant to the contrary, it seems impossible to believe that she was ignorant of the purpose of her co-executors in the will, to have it appear that Robert Berney at the time of his death was domiciled in Alabama. It is plain that she knew, before the bonds were exchanged by the complainants, that the letters testamentary of the Alabama court had been granted to James Berney as sole executor of the will, and that he, assuming to act as such executor, had given the power of attorney to St. James authorizing him to receive and sell and manage the property of the estate. She made no objection, although by the terms of the will the executors were not to make any change in the investments of the estate without her consent, and fully

acquiesced in what had been done. She acquiesced in the exclusive management of the estate thereafter by St. James, and received the several annuities of 40,000 francs bequeathed her by the will from him, until his defalcation was discovered, and his power of attorney was revoked by James Berney in 1880. It is not alleged in the bill that she ever had any knowledge of the sale or exchange of the bonds which are the subject of this controversy by St. James, and the proofs do not indicate that she did have any information upon the subject. She had entire confidence in St. James, and relied implicitly upon his honor and fidelity, and was content to permit him to manage the affairs of the estate as he saw fit.

It does not seem necessary, in view of the decision of the supreme court, to consider the question whether the knowledge of the defendant of the acts of James Berney in procuring the Alabama letters testamentary, and authorizing St. James to sell the property of the estate, and her assent to or acquiescence in those transactions subsequently, is equivalent to a precedent authorization by her, and estops her from disaffirming what they have done. Upon the facts found to exist, conformably to that decision, the defendant is estopped from asserting that St. James was not authorized to make the exchange of registered bonds for coupon bonds which is assailed in the suit at law, and the estoppel operates against her in her representative capacity to the extent of her individual interest in the estate. One method of giving effect to this estoppel is by a decree restraining her from all proceedings to enforce the judgment, if one is obtained in the suit at law, beyond the difference between the amount of the recovery and the value of her interest as widow and legatee in the estate of her deceased husband. Inasmuch as she represents in the action at law the other beneficiaries under the will, it does not seem necessary that they should be parties to the accounting to ascertain the value of her interest in the estate. If they had been served with process it would have been proper to inquire whether they, or any of them, are also estopped by their acts and conduct from assailing the sale or exchange of the bonds by St. James. As they are not parties, and the present suit is against Louise Berney individually, the complainants cannot obtain the benefit of any supposed estoppel against them.